IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HATTIE MAE BERRY,<br><br>                Plaintiff,<br><br>v.<br><br>WAL-MART STORES, EAST, L.P. et al.,<br><br>                Defendants. | CIVIL ACTION<br>NO. 21-3496 |

<u>**OPINION**</u>

**Slomsky, J.**                                                                                     February 2, 2022

## I.    INTRODUCTION

The issue before the Court involves an important procedural question: when is a defendant first put on notice that a case filed in state court is removable to federal court? Under 28 U.S.C. § 1446(b)(1), a defendant has thirty (30) days to remove a case to federal court after service of the initial pleading, or alternatively, after the point at which the defendant can first ascertain that the case is removable. In this case, the parties dispute when Defendants were first put on notice that the amount in controversy exceeded $75,000, a requirement for diversity of citizenship jurisdiction under 18 U.S.C. § 1332 and the critical point here in ascertaining the removability of this case. They disagree on when the thirty-day period began, and therefore whether the Notice of Removal (Doc. No. 1) was timely filed.

Before the Court is Plaintiff Hattie Mae Berry's Motion to Remand to State Court (Doc. No. 4) and Defendants Wal-Mart Stores, East, L.P., Wal-Mart Stores, East, Inc., and Wal-Mart Stores, Inc.'s Response in Opposition (Doc. No. 7). For reasons that follow, the Court will grant Plaintiff's Motion to Remand (Doc. No. 4) because the Notice of Removal (Doc. No. 1) was not timely filed. Due to this procedural defect, the case will be remanded to state court.

## II.   BACKGROUND

On April 21, 2021, Plaintiff Hattie Mae Berry filed a Complaint in the Court of Common Pleas of Philadelphia County against Defendants Wal-Mart Stores, East, L.P., Wal-Mart Stores, East, Inc., and Wal-Mart Stores, Inc.  (See Doc. No. 4-1.)  In the Complaint, Plaintiff alleges that while she was a business invitee in the Wal-Mart Store in Levittown, Pennsylvania, she was "seriously injured when a box of furniture (organizing units) fell off of Defendants' shelves that were overstocked and/or improperly stocked, causing the box to fall onto Plaintiff's feet."  (Id. ¶ 6.)  Based on these facts, Plaintiff filed a Complaint against Defendants alleging one count of negligence.  (Id. ¶¶ 9–17.)

As a result of these events, Plaintiff states that she has sustained the following injuries:

> [I]njuries to her left foot including a crush injury with contusion, left foot hematoma, cutaneous abscess of the left foot, cellulitis of the left lower extremity requiring incision and drainage on August 21, 2019, and left foot scarring and discoloration, as well as injuries to her nerves, tissues, muscles and functions, together with a severe shock to her nerves and nervous system, some or all of which Plaintiff has been advised are or may be permanent in nature.

(Id. ¶ 13.)  Plaintiff further alleges that the resulting injuries have caused her to "undergo[] great physical pain and mental anguish," and "to expend large sums of money for medicine, medical care . . . [and she] may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to her great detriment and loss."  (Id. ¶ 15.)  In addition, the Complaint avers that "Plaintiff has been unable to attend to her usual and daily duties and activities and she will be unable to attend to the same for an indefinite time in the future to her great detriment and loss."  (Id. ¶ 16.)  Lastly, the Complaint includes an ad damnum clause, in which Plaintiff

demands that judgment be entered against Defendants for an amount in excess of fifty thousand ($50,000) dollars.[1]  (Id. ¶ 6.)

On June 16, 2021, Plaintiff served Defendants with the Complaint by certified mail.  (See Doc. No. 4-2.)  On June 22, 2021, Defendants filed a timely Answer and New Matter in response to the Complaint.  (See Doc. No. 4-3.)  Although Defendant sent to Plaintiff on June 24, 2021 a stipulation to limit damages to less than $75,000, Plaintiff did not respond to the proposed stipulation.  (See Doc. No. 7 at 16.)  On July 22, 2021, Plaintiff filed a Case Management Conference Memorandum in the Philadelphia Court of Common Pleas that described the same injuries alleged in the Complaint and included a demand from Defendants for $245,000.  (See Doc. No. 4-4.)

On August 5, 2021, Defendants filed a Notice of Removal.  (Doc. No. 1.)  The Notice of Removal was filed fifty (50) days after Defendants were served with the Complaint, and fourteen (14) days after Plaintiff filed the Case Management Conference Memorandum in state court.  For purposes of diversity of citizenship jurisdiction, the Notice of Removal states that Plaintiff is a citizen of Pennsylvania and Defendants are citizens of Delaware and Arkansas.  (See Doc. No. 1 at 5.)  The parties in this case do not dispute their diverse citizenship.

On August 13, 2021, Plaintiff filed a Motion to Remand (Doc. No. 4), arguing that Defendants' Notice of Removal was untimely filed in violation of the thirty (30) day requirement,

---

[1] Under the Pennsylvania Rules of Civil Procedure, when filing a complaint in a county with rules governing compulsory arbitration, a plaintiff may only "state whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule." PA. R. CIV. P. 1021(c).  See also 42 PA. C.S. § 7361 (requiring arbitration referral unless amount-in-controversy exceeds $50,000).  Put differently, when filing the Complaint in the Philadelphia Court of Common Pleas, Plaintiff was only required to plead an amount in excess of $50,000 to avoid arbitration referral.  (See Doc. No. 4 ¶ 3.)

and that the case should be remanded to state court. On August 30, 2021, Defendants filed a Response. (Doc. No. 7.) The matter is now fully briefed by the parties and ripe for disposition.

### III.    STANDARD OF REVIEW

A district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a)(1). If a plaintiff files a case in state court in which there is diversity of citizenship jurisdiction, a defendant may remove the case to federal court in the district in which the state case is pending. See 28 U.S.C. § 1441(a). The time limit for removal is set forth in § 1446:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The statute also contains an exception to this rule:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

If the procedural requirements for removal are not followed, including the thirty-day limits in Sections 1446(b)(1) and 1446(b)(3), the case may be remanded. As set forth under § 1447(c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

"Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). "[I]t is well established that the 30–day time limit for removal in the first paragraph of 1446(b) is [a] procedural" defect, rather than a jurisdictional one. Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003); see also Korea Exch. Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46, 51 (3d Cir. 1995); Maniar v. F.D.I.C., 979 F.2d 782, 784 (9th Cir. 1992).

A district court may not remand a case sua sponte for a procedural defect, because procedural defects are subject to waiver. See In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 451 (3d Cir. 2000). Rather, for a district court to remand a case based on a procedural defect, such as untimely removal, a motion to remand must be filed by a party within thirty (30) days after the notice of removal, in accordance with § 1447(c). Korea Exch. Bank, 66 F.3d at 51 (holding "a case may not be remanded for failure to comply with the 30-day time limit absent a timely motion" to remand). In any event, "the removal statute should be strictly construed and all doubts resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (citations omitted).

Here, Plaintiff filed her Motion to Remand (Doc. No. 4) on August 13, 2021, eight (8) days after Defendants filed on August 5, 2021 the Notice of Removal (Doc. No. 1). Thus, Plaintiff's Motion to Remand was timely filed in accordance with the thirty-day limit set forth in 28 U.S.C. § 1447(c), and the Court therefore has the authority to remand the case on the basis of a procedural defect due to Plaintiff's timely motion.

## IV. ANALYSIS

The parties in this case do not dispute that the requirements for diversity of citizenship jurisdiction are met. Plaintiff is a citizen of Pennsylvania and Defendants are citizens of Delaware and Arkansas, and the amount in controversy exceeds $75,000. Rather, the central issue in Plaintiff's Motion to Remand (Doc. No. 4) is whether the Notice of Removal (Doc. No. 1) was timely filed. The outcome of this dispute depends on whether the thirty (30) days in which to remove the case was triggered by service of the Complaint with the case as stated therein, or instead by "other paper from which it first may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In her Motion to Remand, Plaintiff argues that Defendants could "reasonably and intelligently conclude from the pleadings [the Complaint] that the amount in controversy exceeds the jurisdictional minimum" of $75,000. (Doc. No. 4 at 25.) Accordingly, Plaintiff contends that the thirty-day removal period was triggered by service of the Complaint on June 16, 2021, rendering Defendants' removal fifty (50) days later on August 5, 2021 untimely. (Id. at 23.) In opposition, Defendants characterize the allegations in the Complaint as "boilerplate," and argue that the Complaint "fails to allege with specificity" the damages from which Defendants could conclude that they exceed $75,000. (Doc. No. 7 at 7, 13.) For this reason, Defendants assert that removal on August 5, 2021 was timely because the thirty-day removal period started to run when Plaintiff made a demand on July 22, 2021 for $245,000 in "other paper," her Case Management Conference Memorandum. (Id. at 17.) Defendants therefore argue that filing the Notice of Removal fourteen (14) days after receipt of the Memorandum was timely. (See id.)

After review of the law and the arguments set forth in Plaintiff's Motion to Remand (Doc. No. 4) and Defendants' Response (Doc. No. 7), and resolving all doubts in favor of remand, the

Court will grant Plaintiff's Motion to Remand (Doc. No. 4) because the Notice of Removal (Doc. No. 1) was procedurally defective because it was untimely filed.

### A. Removability and Amount in Controversy

To properly remove a case from state to federal court on the basis of diversity of citizenship jurisdiction, a defendant must file the notice of removal in the federal district court where the state court action is pending "within 30 days after the receipt by the defendant, through service or otherwise, of a copy the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . " 28 U.S.C. § 1446(b)(1). However, the thirty-day removal period "is only triggered when the four corners of the pleading inform the reader, to a substantial degree of specificity, that all the elements of federal jurisdiction are present." Bracken v. Dolgencorp, LLC, No. 18-4703, 2018 WL 6249715, at *3 (E.D. Pa. Nov. 29, 2018) (citing In re Asbestos Products Liab. Litig., 770 F.Supp. 2d 736, 739–40 (E.D. Pa. 2011)) (internal quotation marks omitted).

The complaint need not state a dollar amount to put a defendant on notice that the amount in controversy exceeds $75,000, the second requirement for diversity of citizenship jurisdiction. McMillan v. Wilkie Trucking Inc., No. 13-7104, 2014 WL 695583, at *2 (E.D. Pa. Feb. 21, 2014). "Rather, the 30–day period begins to run when a defendant can reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum." Johnson v. Tesla Motors, Inc., No. 13–5106, 2013 WL 5834442, at *2 (E.D. Pa. Oct. 30, 2013). The burden is on the removing party "to assess and ascertain the amount in controversy within the 30-day time limit for removal provided in Section 1446(b)." Russo v. Wal-Mart Stores E., L.P., No. 17-454, 2017 WL 1832341, at *2.

A defendant may timely file a notice of removal more than thirty (30) days following service of the initial pleading under the following conditions:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Accordingly, if the initial pleading is insufficient to place a defendant on notice that the case is removable to federal court, the thirty-day period will instead be triggered by such "other paper from which it may first be ascertained" that the requirements for diversity of citizenship jurisdiction are met. See id.

The United States Court of Appeals for the Third Circuit has not defined "other paper." See Bishop v. Sam's E., Inc., No. 08-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009) (noting absence). However, courts in this District have noted that "other paper" is an "inclusive phrase that covers a wide array of documents." Brown v. Modell's PA II, Inc., No. 08-1528, 2008 WL 2600253, at *3 (E.D. Pa. July 1, 2008); see also Bishop, 2009 WL 1795316, at *4. "The broad interpretation of 'other paper' is consistent with the statute's purpose to 'commence the running of the thirty[-]day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner.'" Rosenfield v. Forest City Enterprises, L.P., 300 F. Supp. 3d 674, 678 (E.D. Pa. 2018). In Rosenfield, the court held that a plaintiff's Case Management Conference Memorandum fell under the general rubric of "other paper" as it is used in § 1446(b). Id. at 680.

**B. Personal Injury Cases Involving the $75,000 Threshold Amount**

Courts in the Third Circuit have analyzed what must be pled regarding the $75,000 threshold by a plaintiff in a personal injury case to trigger the thirty-day removal period. Generally, where severe injuries are noted along with pain and suffering, this is sufficient to place a defendant

8

on notice that the amount in controversy exceeds $75,000.  See Russo v. Wal-Mart Stores E., L.P., No. 17-454, 2017 WL 1832341, at *2 (M.D. Pa. May 8, 2017).  In Russo, the court noted:

> In the context of a personal injury lawsuit between diverse parties, severe injuries along with pain and suffering will alert the defendant that an amount in excess of the jurisdictional amount is at issue and trigger the running of the thirty-day removal period.

(citing Carroll v. United Airlines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998)) (internal quotation marks omitted).  Pursuant to this standard, the court in Russo found that the complaint, which alleged that a plaintiff who slipped and fell on spilled dog food "suffered 'severe and painful injuries[,]' 'will continue to suffer great pain and agony' in the future, has already 'expend[ed] various sums of money for medical care and attention,' and 'will continue to spend various sums of money for medical care and attention' in the future," was sufficient to place the defendant on notice that the amount in controversy exceeded $75,000.  Russo v. Wal-Mart Stores E., L.P., No. 17-454, 2017 WL 1832341, at *2 (M.D. Pa. May 8, 2017).

Another informative case on when a personal injury plaintiff's initial pleading is sufficient to place a defendant on notice of removability is Bracken v. Dolgencorp, LLC, No. 18-4703, 2018 WL 6249715, at *1 (E.D. Pa. Nov. 29, 2018).  In Bracken, the defendant argued that the complaint "did not provide 'a good faith basis to determine an amount in controversy,'" and that the thirty-day period for removal instead began when the plaintiff filed a Case Management Memorandum in state court with a demand in excess of $75,000.  Id. at *2.  Nevertheless, the court in Bracken concluded that the defendant's removal was untimely because the allegations in the complaint "mirror[ed] the allegations in other cases in which courts have found defendants had notice of a removable amount in controversy," such as the allegations in Russo.  Id. at *3.  In finding that the allegations in the complaint were sufficient to meet the $75,000 threshold amount for removability,

the court characterized Mr. Bracken's allegations that he suffered personal injuries when a trailer lift gate malfunctioned while he was loading goods into the trailer as follows:

> Mr. Bracken alleged he suffered "severe and permanent injuries," which included herniations and radiculopathy. He alleged "great financial detriment and loss," "loss of wages and earning capacity," and often noted his injuries and financial damages could worsen in the future. Similarly, Mr. Bracken claimed he could not perform the usual activities of his daily life and may not be able to for an "indefinite" period in the future. . . . [W]e find these allegations sufficed to put more than $75,000 in controversy.

Id. at *4. See also Peters v. Stop & Shop, No. 13-6085, 2013 WL 5781199, at *1 (D.N.J. Oct. 25, 2013) (remanding case where complaint alleged the plaintiff "suffered severe, permanent disabling injuries, serious disfigurement, has undergone and will undergo great pain and suffering, [and] has been and will be forced to undergo extensive medical treatment for her injuries . . . .").

By contrast, where a complaint only contains general, boilerplate allegations of injury, such allegations are insufficient to inform a defendant that the plaintiff is seeking damages beyond the jurisdictional minimum. See Bishop, 2009 WL 1795316, at *4 (holding allegations that the plaintiff "suffered a variety of 'ills and injuries' and 'psychological and emotional disorders' that have deprived her of 'life's pleasures'" were general and boilerplate statements insufficient to give notice of removability).

**C. Ad Damnum Clauses**

In a pleading, an ad damnum clause "stat[es] the amount of damages claimed."[2] Ad damnum clause, BLACK'S LAW DICTIONARY (11th ed. 2019). Under the Pennsylvania Rules of Civil Procedure, in a claimant's ad damnum clause seeking unliquidated damages, as Plaintiff seeks here, the claimant "shall not claim any specific sum." PA. R. CIV. P. 1021(b). Further, he or

---

[2] "Ad damnum" is a Latin phrase meaning "to the damage." Ad damnum clause, BLACK'S LAW DICTIONARY (11th ed. 2019).

she may only plead whether the damages sought "does or does not exceed the jurisdictional amount requiring arbitration referral by local rule." PA. R. CIV. P. 1021(c). In Philadelphia County, this amount is $50,000. See Phila. Court of Common Pleas Civil Rule *1301.

District courts in the Third Circuit have generally rejected the argument that an ad damnum clause seeking less than $75,000, such as the $50,000 ad damnum clause in this case, precludes a defendant from ascertaining removability from the face of a complaint. See, e.g., McMillan v. Wilkie Trucking Inc., No. 13-7104, 2014 WL 695583, at *3 (E.D. Pa. Feb. 21, 2014); Sims v. PerkinElmer Instruments, LLC, No. 04-3773, 2005 WL746884, at *2 (Mar. 31, 2005 E.D. Pa.). Rather, where the demand for damages is expressed in an indeterminate value, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." McMillan, 2014 WL 695583, at *3 (internal quotation marks omitted). Additionally, in Bracken, the court noted that "Pennsylvania's rules prohibit[] [a] plaintiff from being any more specific" in the complaint's ad damnum clause, and therefore held that a $75,000 amount in controversy was ascertainable from the facts alleged in a complaint with a $50,000 ad damnum clause. Bracken, 2018 WL 6249715, at *5.

**D. Defendants' Removal Was Untimely**

Here, the thirty-day period for Defendants to timely remove the case to federal court started on June 16, 2021, the date that the Complaint was served upon Defendants. The Complaint alleged injuries that would put Defendants on notice that the damages exceed $75,000. The Notice of Removal (Doc. No. 1) was filed fifty (50) days after service of the Complaint. As a result, the Notice of Removal was untimely and the case will be remanded to state court.

11

The injuries alleged by Plaintiff in her Complaint were sufficient for Defendants to reasonably and intelligently conclude that the amount in controversy exceeds $75,000. Regarding her injuries, the Complaint alleges as follows:

> 13. As a result of the aforesaid, Plaintiff, sustained injuries to her left foot including a crush injury with contusion, left foot hematoma, cutaneous abscess of the left foot, cellulitis of the left lower extremity requiring incision and drainage on August 21, 2019, and left foot scarring and discoloration, as well as injuries to her nerves, tissues, muscles and functions, together with a severe shock to her nerves and nervous system, some or all of which Plaintiff has been advised are or may be permanent in nature.
>
> 14. As a result of the accident aforesaid, the Plaintiff has undergone great physical pain and mental anguish and she may continue to endure the same for an indefinite time in the future, to her great detriment and loss.
>
> 15. As a further result of the accident aforesaid, the Plaintiff has been compelled to expend large sums of money for medicine, medical care, and/or medical liens in an effort to effect a cure of her injuries, and she may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to her great detriment and loss.
>
> 16. As a result of the accident aforesaid, the Plaintiff has been unable to attend to her usual and daily duties and activities and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

(Doc. No. 4-1 ¶¶ 13–16.)

These allegations are akin to those that other district courts in the Third Circuit have found sufficient to put defendants on notice that the amount in controversy exceeds $75,000 and therefore the case is removable. Like the pleadings in <u>Russo</u> and <u>Bracken</u>, the Complaint here, served upon Defendants on June 16, 2021, alleges both severe injuries and pain and suffering. Regarding severe injuries, the Complaint alleges that Plaintiff sustained to her left foot, in addition to other wounds, a "crush injury," "a severe shock to her nerves and nervous system," as well as "cellulitis," an infection that required a medical procedure for "incision and drainage on August 21, 2019." (Doc. No. 4-1 ¶ 13.) Furthermore, Plaintiff states that she has expended large sums for medical treatment

of these conditions and expects to do so indefinitely. (Id. ¶ 15.) The Complaint further alleges that Plaintiff suffered both physical pain and mental anguish, and notes that "[Berry] may continue to endure the same for an indefinite time in the future, to her great detriment and loss" and that she has been "unable to attend to her usual and daily duties." (Id. ¶ 16.) These allegations are not general, boilerplate allegations of injury. Instead, under the law set forth above, these allegations placed Defendants on notice that the amount in controversy exceeded $75,000 when they were served with the Complaint on June 16, 2021.

Defendants claim, to the contrary, that they were first aware of removability on July 22, 2021 when Plaintiff filed the Case Management Conference Memorandum with the demand for $245,000. (See Doc. No. 7 at 17.) To support their argument, Defendants characterize the Case Management Conference Memorandum as "other paper" under 28 U.S.C. § 1446(b)(3). (See id.) Certainly, a Case Management Conference Memorandum is "other paper" as set forth in § 1446(b)(3) and as interpreted by other district courts in the Third Circuit. See Rosenfield, 300 F. Supp. 3d at 678 (E.D. Pa. 2018). For "other paper," however, to start the thirty-day removal clock, its receipt must constitute the point "from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). As noted above, the service of the Complaint, which described with specificity the injuries sustained, the prognosis, and the need for future medical care, was that point. Contrary to Defendants' argument, the Case Management Conference Memorandum did not start the thirty-day removal period.

Moreover, Ms. Berry's ad damnum clause of $50,000 did not render the Complaint insufficient to give notice that the case was removable. A plaintiff need not allege a specific dollar amount in their initial pleading to place the defendant on notice of removability. See McMillan, 2014 WL 695583, at *2. Instead, it is the defendant's burden to assess the amount in controversy

from the facts alleged in the initial pleading.  See Russo, 2017 WL 1832341, at *2.  Importantly, here, Plaintiff was unable to seek an amount in damages higher than $50,000 under the Pennsylvania Rules of Civil Procedure and Philadelphia local rules, as outlined above.  Thus, the Court will not treat her $50,000 demand in the ad damnum clause as precluding notice of removability from the Complaint.

Finally, Defendants should have known that Plaintiff was claiming damages in excess of $75,000 when she did not accept a proposed stipulation to limit damages.  On June 24, 2021, Defendant sent Plaintiff a stipulation to limit damages to less than $75,000.  (See Doc. No. 7 at 16.)  Plaintiff never responded to the proposed stipulation.  (See id.)  In Russo, supra, the court found that a plaintiff's declination of such a stipulation "constitutes an alternative first instance" by which a defendant could conclude that the amount in controversy exceeds the jurisdictional minimum for removal.  See 2017 WL 1832341, at *3.

Defendants attempt to distinguish Russo by arguing that Plaintiff never memorialized her refusal in an affirmative declination.  (Doc. No. 7 at 16.)  While the Court agrees that a plaintiff's outward refusal to stipulate to an amount lower than the jurisdictional minimum provides greater notice of removability and, if in writing, could constitute "other paper," it still remains that Plaintiff's lack of response to the stipulation, paired with the detailed allegations in the Complaint about her injuries, put Defendants on notice prior to July 22, 2021 that the case was removable to federal court.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 4) will be granted and this case will be remanded to the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).  An appropriate order follows.

14